IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES, | No. C 12-5698 CW (PR) |
|     Petitioner, | ORDER OF DISMISSAL WITHOUT PREJUDICE AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS |
|   v. | |
| HONORABLE GERALD WONG, et al., | |
|     Respondents. | (Docket nos. 2, 4) |

_____/

Petitioner Jerome L. Grimes is incarcerated at the San Francisco County Jail. At the time he filed the instant pro se habeas corpus action he had not been convicted and was involved in ongoing state criminal proceedings. Petitioner's allegations are not easy to decipher, but he appears to claim that, among other things, the judge presiding over his criminal proceedings has not allowed him to represent himself in propria persona after finding him incompetent to stand trial. He asks this Court to intervene in his ongoing state proceedings.

A federal court has authority to entertain a petition for a writ of habeas corpus by a person in state custody, but not yet convicted or sentenced. See McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003); Application of Floyd, 413 F. Supp. 574, 576 (D. Nev. 1976). Such a person is not in custody "pursuant to the judgment of a state court," 28 U.S.C. § 2254, and therefore brings his petition under 28 U.S.C. § 2241(c)(3). McNeely, 336 F.3d at 824 n.1. Although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require that a federal court abstain until

all state criminal proceedings are completed and the petitioner exhausts available judicial state remedies, unless special circumstances warranting federal intervention prior to a state criminal trial can be found. See Carden v. Montana, 626 F.2d 82, 83-84 & n.1 (9th Cir.), cert. denied, 449 U.S. 1014 (1980); see also United States ex rel. Goodman v. Kehl, 456 F.2d 863, 869 (2d Cir. 1972) (pretrial detainees must first exhaust state remedies).

    Here, Petitioner alleges no special circumstances warranting the Court's intervention in his ongoing state proceedings. All of his claims are amenable to state court review through available state procedures. Accordingly, the petition is hereby DISMISSED on abstention grounds. The dismissal is without prejudice to Petitioner's filing a petition challenging his criminal proceedings once those proceedings have concluded, and after he has exhausted state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim he seeks to raise in federal court. See 28 U.S.C. § 2254(b), (c)); Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

    Petitioner's in forma pauperis application is incomplete. Accordingly, leave to proceed in forma pauperis is DENIED.

    The Clerk of the Court shall enter judgment and close the file.

    This Order terminates Docket nos. 2 and 4.

    IT IS SO ORDERED.

Dated: 11/20/2012

CLAUDIA WILKEN
United States District Judge

**United States District Court**
For the Northern District of California